UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: ) | Dist. Ct. Case No.: |
| ) | 2:10-CV-1205 JAM |
| RODNEY ANDREWS and VALERIE ) | |
| ANDREWS, ) | Bk. Ct. Case No.: 08-28963 |
| ) | Adv. Proc. Case No.: |
| Debtors. ) | 09-21543-C |
| ) | Bk. App. Panel Case No.: |
| ) | EC-10-1133 |
| RODNEY ANDREWS and VALERIE ) | |
| ANDREWS, ) | |
| ) | ORDER AFFIRMING THE |
| Appellants, ) | BANKRUPTCY COURT'S ORDER |
| ) | |
| v. ) | |
| ) | |
| AUGUST B. LANDIS, Acting United ) | |
| States Trustee, ) | |
| ) | |
| Appellee. ) | |

This matter is before the Court on Debtors/Appellants Rodney and Valerie Andrews' ("Appellants") Appeal (Doc. #7) from the Bankruptcy Court's Order denying Appellants' discharge under 11 U.S.C. § 727(a)(4)(A). Appellee/Trustee August Landis ("Appellee") asks the Court to affirm the Bankruptcy Court's order (Doc. #8). This matter was set for a hearing on January 12, 2011, and ordered submitted on the papers.[1] For the reasons set forth below, the

---

[1] This matter was determined to be suitable for decision without oral argument. E. D. Cal. L. R. 230(g).

1

Bankruptcy Court's order is AFFIRMED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 2, 2008, Appellants filed for bankruptcy protection under Chapter 7, in the Bankruptcy Court for the Eastern District of California. In the course of the bankruptcy case, in Appellants' written filings and in the meeting of the creditors, under oath, numerous inconsistencies and omissions were discovered. Appellants did not report one of their businesses, omitted the income, accounts and debts related to that business, did not report one bank account, did not disclose their previous Chapter 13 bankruptcy, and gave inconsistent answers regarding whether they had reviewed the bankruptcy filings prior to signing them.

On March 4, 2009, the United States Trustee filed a complaint to deny Appellants discharge under Section 727(a)(4)(A) of the Bankruptcy Code, for false statements under oath. Trial was conducted on March, 9, 2010, and concluded with Bankruptcy Judge David Russell ruling in favor of the United States Trustee. Judgment was entered denying the Appellants discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

The issue raised by Appellants on appeal is whether the Bankruptcy Court committed a reversible error in dismissing the Chapter 7 petition under 11 U.S.C. § 727(a)(4)(A), despite

> "the Court's anguish in doing so and clear, accusatory and candid acknowledgement on the transcript of the record of the adversarial trial proceedings and before counsel and Appellants in those proceedings that Appellants' bankruptcy counsel (Steele Lamphier, Esquire,) who represented them through and, not including, the adversarial trial proceedings, had committed acts of gross negligence in their 'representation,' that they 'had recourse' against that attorney, where such gross negligence directly resulted in injury to them (i.e. the dismissal) which gross negligence

> they had no reason to know about or protect themselves against contrary to equity and the remedial principles of FRCP Rule 60(b)(6)." (Appellants' Brief, p. 2-3.)

Appellants assert that the Bankruptcy Court did not make any errors in its factual findings, but made an error of law by "not applying the equitable remedial principles of Federal Rule of Civil Procedure 60(b)(6)." Appellee argues that no Rule 60 motion was brought before the Bankruptcy Court, that the Bankruptcy Court did not make the purported findings of gross negligence, and that the Bankruptcy Court properly denied Appellants' bankruptcy claim under 11 U.S.C. § 727(a)(4)(A).

## II.  OPINION

### A.  Legal Standard

The Bankruptcy Court's interpretations of the Bankruptcy Code and conclusions of law are reviewed de novo by this Court. Blausey v. United States Trustee, 552 F.3d 1124, 1132 (9th Cir. 2009) (internal citations omitted). This Court reviews the Bankruptcy Court's factual findings for clear error. Id. Factual review under this standard requires deference to the Bankruptcy Court. McClure v. Thompson, 323 F.3d 1233, 1240 (9th Cir. 2003). Review under the clearly erroneous standard requires significant deference to the trial court. Ambassador Hotel Co., Ltd. v. Wei-Chuan Inv., 189 F.3d 1017, 1024 (9th Cir. 1999) (internal citations omitted). The factual findings will only be clearly erroneous if the reviewing court has the "definite and firm conviction that a mistake has been committed." Id. (quoting Concrete Pipe & Prods. of Cal., Inc. v. Construction Laborers Pension Trust, 508 U.S. 602, 623 (1993)); see also Latman v. Burdette, 366 F.3d 774, 776 (9th

Cir. 2004). "Clear error is not demonstrated by pointing to conflicting evidence in the record." Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv., 422 F.3d 782, 795 (9th Cir. 2005) (quoting United States v. Frank, 956 F.2d 872, 875 (9th Cir. 1991)). Instead, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. (citations omitted).

    B.   Rule 60(b)(6)

Federal Rule of Civil Procedure 60(b)(6) provides that on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for "any other reason that justifies relief." Fed. R. Civ. Proc. 60(b)(6). However, Rule 60 motions must be directed in the first instance to the trial court. See First Beverages, Inc. of Las Vegas v. Royal Crown Cola Co., 612 F.2d 1164, 1172 (9th Cir. 1980). This Court's role as to a Rule 60 motion is limited to reviewing the propriety of the trial court's decision on the motion, if one is filed in the trial court. Id.

Appellants did not avail themselves of their right to present a Rule 60 motion to the Bankruptcy Court following the entry of the adverse judgment, but nonetheless argue that the Bankruptcy Judge should have given them Rule 60(b)(6) relief from judgment. Appellants argue that the Bankruptcy Judge should have given them relief because he found them guilty of no wrongdoing, and only denied the discharge under Section 727(a)(4)(A) because he felt compelled to impute their attorney's negligence to them.

Appellants do not offer citations to the record of where such statements were allegedly made by the Bankruptcy Judge.

Appellants' only challenge to the Bankruptcy Court's conclusions of law is to question, "was he [the Bankruptcy Judge] 'handcuffed' as it were and forced to visit the gross negligence of the attorney on the hapless client?" (Appellants' Brief, p. 11.) Appellants assert that the Bankruptcy Judge was not "handcuffed" because he could have utilized Rule 60(b)(6) to set aside or overturn the judgement. Not only does Rule 60(b) relief require Appellants to have brought a formal motion before the Bankruptcy Court, which was not done, but a review of the record reveals that Appellants' assertions of what was said by the Bankruptcy Judge are not supported by the transcript of the hearing. There was not a finding of gross negligence on the part of their attorney, nor were Appellants cleared of all wrongdoing. Moreover, a Rule 60(b)(6) motion was not made before the Bankruptcy Court, nor could the Bankruptcy Court could grant Rule 60(b)(6) relief *sua sponte*. Accordingly, Appellants' arguments are without merit.

Appellee also argues that Appellants cannot seek Rule 60(b)(6) relief directly from this Court, noting that the cases relied upon by Appellants were cases in which the Rule 60(b) motion was brought in the first instance in the trial court. To the extent Appellants' brief was intended as a Rule 60(b) motion before this Court, such relief is unavailable. See First Beverages, *supra.*

C. Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A)

11 U.S.C. § 727(a)(4)(A) provides that the court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath

5

or account.  Here, the Bankruptcy Court found Appellants to be honest people.  (Exhibit 17, p. 126.)  However, the Bankruptcy Judge also found that while perhaps not acting with fraudulent intent, Appellants filed documents that were essentially very misleading and full of misstatements and omissions.  (Ex. 17, p. 129).  The Bankruptcy Judge noted that Appellants could have been getting bad advice (Ex. 17, p. 128), and that if so, their current attorney could explain to them that there are other potential rights.  (Ex. 17, p. 130).  Appellants testified that they had not read the Bankruptcy Schedules prior to signing them, however, the Bankruptcy Judge, citing law from the Eastern District of California, noted that "failure to read the schedules is not a defense in action to Bankruptcy Code Section 727(a)(4)(A)."  (Ex. 17, p. 128.) Accordingly, the Bankruptcy Court denied Appellants' discharge under section 727(a)(4)(A), for making a false oath or account.  Having reviewed the record, this Court affirms the Bankruptcy Court's findings.

### III. ORDER

For the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's Order denying Appellants' discharge under 11 U.S.C. § 727(a)(4)(A).

IT IS SO ORDERED.

Dated: March 1, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE